IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00227-MR

RICKY L. HEFNER,                )
                                )
            Plaintiff,          )
                                )
vs.                             )
                                )
JOHNATHAN HEATH JONES, et al.,  )           **ORDER**
                                )
            Defendants.         )
_____)

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 12].[1] Also pending is a Letter [Doc. 9] that is construed as a Motion to Preserve Evidence. The Plaintiff is proceeding *in forma pauperis* [Doc. 7].

---

[1] The Plaintiff filed the Amended Complaint before the original Complaint was reviewed for frivolity. [See Doc. 11].

## I. BACKGROUND

The *pro se* incarcerated Plaintiff asserts claims pursuant to 42 U.S.C. § 1983[2] and North Carolina law[3] addressing the circumstances surrounding his arrest on June 12, 2018 in Sylva, North Carolina.[4] [Doc. 12 at 4]. He names as Defendants in their official and individual capacities: the State of North Carolina; the County of Jackson; the City of Sylva; the Jackson County Sheriff's Office ("JCSO"); and Johnathan Heath Jones, a Sylva Police Department ("SPD") officer.[5] [Id. at 2-3]. The Plaintiff admits that he sustained "no physical injuries" during the incident, but alleges that he "felt humiliated and insulted." [Id. at 14]. He seeks compensatory and punitive

---

[2] The Plaintiff cites the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. [Doc. 12 at 21]. However, the Fifth, Sixth, and Eighth Amendments appear to be inapplicable to this case. The Plaintiff also cites 42 U.S.C. § 1988, under which a prevailing party is entitled to reasonable attorney's fees in a § 1983 action, but the Plaintiff is proceeding in this action *pro se.*

[3] The Plaintiff cites Article 1, Sections 19, 23, and 27 of the North Carolina Constitution, and he appears to assert claims for the intentional infliction of emotional distress and negligence under North Carolina law. [Doc. 12 at 20-21].

[4] The Plaintiff is presently incarcerated in the North Carolina Department of Public Safety ("NCDPS") at the Maury Correctional Institution.

[5] The Plaintiff also refers to "individually named defendants" and "police officers referred to in the caption of this Complaint"; however, no police officers besides Jones are named as Defendants. [Doc. 12 at 2-3]. Any attempt by the Plaintiff to assert claims against any Defendants or maintain allegations contained in the original Complaint but not repeated in the Amended Complaint is unavailing. See generally Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citations omitted).

2

damages, attorney's fees and costs, a jury trial, and such other relief as the Court deems just and appropriate. [Id. at 21-22].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The body of the Amended Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the complaint but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

The Plaintiff names the State of North Carolina as a Defendant. However, neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars suit

4

for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the claims against the State of North Carolina are dismissed with prejudice.

The Plaintiff also names as Defendants the County of Jackson, the City of Sylva, and the JCSO. Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a *respondeat superior* theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)).

For a municipality to be liable under § 1983 for failing to properly train police, the failure to train must "amount[] to deliberate indifference to the rights of persons with whom the police come into contact." Estate of Jones by Jones v. City of Martinsburg, W.Va., 961 F.3d 661, 671 (4th Cir. 2020) (quoting Canton, 489 U.S. at 388). If the failure to train reflects a deliberate or consciously indifferent policy, then its failure can be said to be the moving force behind the constitutional violation. Canton, 489 U.S. at 389. Additionally, the training deficiency "must be closely related to the ultimate injury," meaning that it must cause the incident. Id. at 391. "[A] single incident is almost never enough to warrant municipal liability." Estate of Jones, 961 F.3d at 672; Semple v. City of Moundsville, 195 F.3d 708, 713-14 (4th Cir. 1999) ("proof of a single incident of the unconstitutional activity charged is not sufficient to prove the existence of a municipal custom.").

The Plaintiff alleges that: (1) "Defendants failed to train, supervise, and discipline police officers [including Defendant Jones] … so as to prevent the unlawful stopping, detention, interrogation, and search of Ricky Lee Hefner and his belongings"; (2) this failure amounted to deliberate indifference which "created and encouraged ongoing racial profiling and harassment"; and (3) it was "an actual cause of the constitutional deprivations and injuries suffered by [Plaintiff]." [Doc. 12 at 18-19].

6

Case 1:21-cv-00227-MR   Document 13   Filed 01/26/22   Page 6 of 14

The Plaintiff has failed to identify any County, City, or JCSO policy or custom under which his rights were allegedly violated. His conclusory recitation of the elements of a Monell claim is insufficient to state a claim. He has failed to allege any facts that would plausibly establish that his alleged injury was the result of any Defendant's deficient policy or custom, rather than as a result of an isolated officer action. Indeed, the allegations suggest that that the Plaintiff attempts to hold these Defendants liable under a theory of *respondeat superior*. [See Doc. 12 at 2 (alleging that the City employed Defendant Jones, and that the County and JCSO "employed certain police officers" referred to in the Amended Complaint[6])]. The allegations fail to support a plausible Monell claim such as inadequate training, supervision and discipline. Accordingly, the claims against the City, County, and JCSO are dismissed without prejudice.

The Plaintiff also asserts claims against Defendant Jones in his official capacity which are, in essence, claims against the SPD itself.[7] Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity."). However, a

---

[6] The Plaintiff has not named any such police officers as Defendants in this case.

[7] Although the Plaintiff purports to assert claims against the City, County, and JCSO as Defendants in their official capacities, these claims are treated as suits against the entity, which fail for the reasons already discussed.

7

police department is not a municipal entity subject to Monell liability under North Carolina law. Smith v. Mundy, 848 F.3d 248, 256-57 (4th Cir. 2017) (citing Ostwalt v. Charlotte-Mecklenburg Bd. of Educ., 614 F.Supp.2d 604, 607 (W.D.N.C. 2008); see, e.g., Wesley v. Charlotte-Mecklenburg Cnty. Police Dep't, No. 3:19-cv-00425-FDW-DCK, 2020 WL 5822216, at *5 (W.D.N.C. Sept. 20, 2020) (dismissing claims against Charlotte-Mecklenburg Police Department because that entity lacks the legal capacity to be sued). Accordingly, the claims against Defendant Jones in his official capacity are dismissed with prejudice.

### B. Fourth Amendment Claims

The Plaintiff alleges that, after a search of his person and backpack by an officer revealed drug paraphernalia,[8] Defendant Jones searched Plaintiff's backpack again and planted a container of heroin in the vehicle in

---

[8] According to the Plaintiff, Officer Kimberly Osborne-Evans, who is not named as a Defendant in the Amended Complaint, initially approached the parked vehicle in which the Plaintiff was a passenger. [Doc. 12 at 9]. The Plaintiff volunteered to exit the vehicle and consented to allow Osborne-Evans to search his person and backpack. [Id. at 9-10]. That search revealed a straw that tested positive for methamphetamine, and the Plaintiff admitted to Osborne-Evans that he had used it to smoke methamphetamine. [Id. at 10-12]. Defendant Jones then arrived and asked the vehicle's other occupants to exit and for consent to search the vehicle. [Id. at 10-11]. Additional officers arrived and questioned the Plaintiff and other two occupants about the incident as Defendant Jones and Osborne-Evans searched the vehicle. [Id. at 11-12].

which the Plaintiff had been a back seat passenger; the Plaintiff was arrested. [Doc. 12 at 8, 14-15].

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. The Due Process Clause of the Fourteenth Amendment places upon state governments the same restrictions that the Fourth Amendment imposes on the federal government. Mapp v. Ohio, 367 U.S. 643, 654-55 (1961). "[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." Minnesota v. Carter, 525 U.S. 83, 88 (1998). For an individual's expectation of privacy to be legitimate, he "must have a subjective expectation of privacy, and that subjective expectation of privacy must be objectively reasonable; in other words, it must be an expectation that society is willing to recognize as reasonable." United States v. Castellanos, 716 F.3d 828, 832 (4th Cir. 2013) (citations and internal quotation marks omitted).

Malicious prosecution and false imprisonment are considered under a Fourth Amendment analysis. See Wallace v. Kato, 549 U.S. 384, 387-88

(2007) (acknowledging that "Section 1983 provides a federal cause of action" for Fourth Amendment false arrest, and stating that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter"); Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000) (a "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort."). To state such a claim, a plaintiff must allege that the defendant caused a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and the criminal proceedings terminated in plaintiff's favor. Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). A facially valid arrest warrant provides the arresting officer with sufficient probable cause to arrest the individual identified in the warrant. Baker v. McCollan, 443 U.S. 137, 143-44 (1979).

To the extent that the Plaintiff alleges that he was improperly approached and searched, these events occurred before Defendant Jones arrived on the scene, and accordingly, these claims are dismissed. The Plaintiff's suggestion that Defendant Jones improperly searched the vehicle in which he had been a passenger is insufficient to proceed because the Plaintiff has not alleged any facts that would plausibly suggest that he has standing to assert such a claim. See United States v. Carter, 300 F.3d 415,

421 (4th Cir. 2002) ("A passenger in a car normally has no legitimate expectation of privacy in an automobile in which he asserts neither a property interest nor a possessory interest and where he disclaims any interest in the seized object.") (citing Rakas v. Illinois, 439 U.S. 128, 148-49 (1978)). The Plaintiff's allegation that Defendant Jones improperly searched his backpack fails to state a claim because the Plaintiff admits that he had already consented to the backpack's search, and he does not allege that he withdrew his consent. See Florida v. Jimeno, 500 U.S. 248, 250-51 (1991) (a consent to search provides an exception to the Fourth Amendment's warrant and probable cause requirements); Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973) (once an individual voluntarily gives consent, a search that falls within the scope of that consent is constitutionally permissible). Finally, the Plaintiff's allegation that Defendant Jones planted evidence in the vehicle fails to state a claim for false arrest or malicious prosecution because he does not allege that the criminal proceedings terminated in his favor. See Evans, 703 F.3d at 647.

Accordingly, the Plaintiff's claims against Defendant Jones in his individual capacity for violating the Fourth Amendment are dismissed without prejudice.

### C. Supplemental Jurisdiction

The Plaintiff seeks to assert claims under to North Carolina law. However, no federal claim has passed initial review. Accordingly, the Court declines to exercise supplemental jurisdiction over his North Carolina claims. See Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state law claims."); 28 U.S.C. § 1367(c)(3).

### D. Motion to Preserve Evidence

Finally, the Plaintiff has filed a Letter [Doc. 9] asking the Court to ensure that NCDPS preserves evidence relating to an incident involving his legal mail that allegedly occurred at Maury CI on November 9, 2021. The Letter is construed as a Motion to Preserve Evidence. The Motion is directed to NCDPS, which is not a party to the instant action, and addresses an incident that does not appear to be related to his present claims in any way. Accordingly, the Motion is denied.

## V. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant. The Court will dismiss the claims against the State of North Carolina, and

12

Case 1:21-cv-00227-MR   Document 13   Filed 01/26/22   Page 12 of 14

the claims against Defendant Jones in his official capacity with prejudice. The remaining claims are dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to file a Second Amended Complaint, if he so chooses, to correct the deficiencies identified in this Order and otherwise properly state a claim upon which relief can be granted. Should Plaintiff fail to timely file a Second Amended Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** except for the claims against Defendant State of North Carolina and Defendant Jones in his official capacity, which are **DISMISSED WITH PREJUDICE**.

2. The Plaintiff shall have thirty (30) days in which to file a Second Amended Complaint in accordance with the terms of this Order. If Plaintiff fails to file a Second Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

3. The Clerk is respectfully instructed to mail Plaintiff a blank § 1983 form.

**IT IS SO ORDERED**.

Signed: January 26, 2022

Martin Reidinger
Chief United States District Judge