IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00227-MR

| | |
|---|---|
| RICKY L. HEFNER, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOHNATHAN HEATH JONES, et al., ) | **ORDER** |
| ) | |
|       Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Second Amended Complaint [Doc. 19]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.   BACKGROUND**

The pro se Plaintiff, who is presently serving sentence of between 10 and 13 years' imprisonment in North Carolina Superior Court Case Nos. 18CRS52362 and 19CRS393,[1] filed this action pursuant to 42 U.S.C. § 1983 addressing the circumstances surrounding a separate arrest in Sylva, North Carolina, on June 12, 2018, that resulted in charges in Case No.

---

[1] The Plaintiff is presently housed in the North Carolina Department of Public Safety (NCDPS) at the Maury Correctional Institution for "habitual felon (principal)" and "larceny from merchant (principal)" for offenses that occurred on December 29, 2018.

18CRS51081.[2] [Doc. 12]. Case No. 18CRS51081, and several other cases, were dismissed "pursuant to plea arrangement" for which the Plaintiff is presently incarcerated. Fed. R. Evid. 201.

In the instant case, on initial review of the Amended Complaint,[3] the Court dismissed the claims against the State of North Carolina and against Defendant Jones in his official capacity with prejudice, dismissed the remaining § 1983 claims without prejudice, and declined to exercise supplemental jurisdiction over the claims that the Plaintiff raised under North Carolina law. [Doc. 13]. The Court granted the Plaintiff 30 days to amend the Complaint to correct the deficiencies identified in the Order on initial review, and to attempt to state a claim. [Id.]. The Second Amended Complaint is now before the Court for initial review. [Doc. 19].

The Plaintiff names as Defendants in their official and individual capacities: the Sylva Police Department (SPD); Johnathan Heath Jones and Kimberly Osborne-Evans, SPD officers;[4] and "John Doe/Jane Doe," SPD

---

[2] The Plaintiff was charged in Case No. 18CRS51081 with possession of heroin, simple possession of fentanyl, and simple possession of a schedule IV controlled substance.

[3] The Plaintiff filed an Amended Complaint before the Complaint had been reviewed for frivolity. [See Docs. 10, 11].

[4] The Plaintiff does not provide a job title for Defendant Osborne-Evans; however, he lists her last known work address as the SPD, and he refers to her as an "officer" in the body of the Second Amended Complaint. [See Doc. 19 at 3, 6].

employees.[5]  [Id. at 1, 3-4].  He asserts claims of "Fifth Amendment 'Due Process' Fourth Amendment 'unreasonable search and seizure.'"  [Id. at 5].  He alleges that he was approached at an acquaintance's vehicle in a Wal-Mart parking lot; that he and the vehicle were illegally searched; that Officer Jones planted in the car drug evidence, for which the Plaintiff was arrested and charged; and that the charges were ultimately dismissed.  As injury, the Plaintiff alleges that he lost wages and suffered emotional distress, and that his mother became homeless due to the officers' "evil" actions.  [Id. at 7-8].  He seeks compensatory and punitive damages.  [Id. at 8].

## II.  STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks

---

[5] The Plaintiff does not provide a job title for John or Jane Doe.

3

monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As a preliminary matter, it appears that the Plaintiff may be seeking relief on behalf of his mother. However, the Plaintiff's status as a pro se prisoner precludes him from making claims on behalf of others. See Hummer v. Dalton, 657 F.2d 621, 635-26 (4th Cir. 1981) (a prisoner cannot

act as a "knight-errant" for others); Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff attempts to assert claims on behalf of anyone other than himself, those claims are dismissed.

The Plaintiff purports to name as Defendants "John Doe/Jane Doe" SPD employees. [Doc. 19 at 4]. John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery. See Njoku v. Unknown Special Unit Staff, 217 F.3d 840 (4th Cir. 2000). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 198 (footnote omitted). Here, the Plaintiff fails to make any factual allegations regarding the Doe Defendants whatsoever. See Fed. R. Ev. 8(a). Further, he has not demonstrated any likelihood that these Defendants could be identified

through discovery. Schiff, 691 F.2d at 198. Therefore, this action will be dismissed as to Defendants John and Jane Doe.

The Plaintiff also purports to sue the SPD. However, SPD lacks the capacity to be sued as explained in the Order on initial review of the Amended Complaint. [See Doc. 13 at 7-8]. The Plaintiff's claims against the SPD are therefore dismissed.

The Plaintiff again claims that the vehicle search, and the seizure of the black case from the vehicle's back seat, violated the Fourth Amendment. However, he has failed to demonstrate standing to object to the search of the vehicle and its contents. Accordingly, this claim is dismissed for the reasons addressed in the Order on initial review of the Amended Complaint. [See id. at 10-22].

The Plaintiff further claims that Defendants Jones and Osborne-Evans wrongfully arrested and maliciously prosecuted him based on planted evidence, and that this resulted in criminal charges which were ultimately dismissed. He appears to assert that this violated both the Due Process Clause and the Fourth Amendment.

The Plaintiff has failed to state a due process claim under § 1983. The Supreme Court and Fourth Circuit have held that "the Due Process Clause is not the proper lens through which to evaluate law enforcement's pretrial

6

missteps." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017).  Rather, the Fourth Amendment "'provides an explicit textual source of constitutional protections against [unreasonable seizures and arrests],' … and 'define[s] the 'process that is due' for seizures of persons or property in criminal cases.'" Id. (quoting Graham v. Connor, 490 U.S. 386, 395 (1989); Gerstein v. Pugh, 420 U.S. 103, 125 n. 27 (1975)).  Consequently, the Plaintiff's due process claims will be dismissed and the Court will analyze his claims under the Fourth Amendment.

Section 1983 provides a federal cause of action for false arrest, false imprisonment, and malicious prosecution in violation of the Fourth Amendment.  Wallace v. Kato, 549 U.S. 384, 387-88 (2007).  To prevail on such claims, a plaintiff must show that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in the plaintiff's favor." Humbert v. Mayor & City Council of Balt. City, 866 F.3d 546, 555 (4th Cir. 2017) (quoting Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012)).  "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022).  No "affirmative indication

of innocence" is required.  Id. at 1341.  However, the Court questions whether this new rule in Thompson extends to the situation where the charge in question was dismissed as part of a plea agreement whereby the defendant pled guilty to other charges.  Rather than dismissing this action pursuant to § 1915 for failure to state a claim, the Court will allow this matter to pass initial review in order to give the Defendants an opportunity to present this issue more clearly.

The Plaintiff's claims against these Defendants in their official capacities, however, will be dismissed for the reasons discussed in the Order on initial review of the Amended Complaint.  [See Doc. 13 at 5-8].

## V. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's claims against Defendants Jones and Osborne-Evans in their individual capacities for violating the Plaintiff's Fourth Amendment rights survive initial review in accordance with this Order.  The remaining claims fail initial review and are dismissed.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Fourth Amendment claims against Defendants Jones and Osborne-Evans, in their individual capacities, have passed initial review.

2. The Plaintiff's remaining claims are **DISMISSED** as stated in this Order.

3. The Clerk of Court is respectfully instructed to mail two blank summonses to Plaintiff to fill out for service of process on Defendants Jones and Osborne-Evans, and then return the summonses to the Court. The Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendants. As the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendants

4. The Clerk is respectfully instructed to terminate the Sylva Police Department, John Doe, and Jane Doe as Defendants in this matter.

**IT IS SO ORDERED**.

_Martin Reidinger_
Chief United States District Judge