IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00227-MR

| | | |
|---|---|---|
| RICKY L. HEFNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHNATHAN HEATH JONES, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the pro se Plaintiff's "Petition for Appointment of Counsel" [Doc. 22] that was docketed as a Motion.

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing the circumstances surrounding his arrest in Sylva, North Carolina. On May 19, 2022, the Second Amended Complaint passed initial review on Fourth Amendment claims against Defendants Jones and Osborne-Evans, and the Plaintiff was instructed to complete and return summons forms so that the U.S. Marshal may effectuate service on them. [Docs. 19, 21]. No summons forms have been returned to the Court to date.

The Plaintiff now seeks the appointment of counsel [Doc. 22]. He argues that he has presented a colorable claim; that the case is complex;

and that he lacks the skills to present the conflicting claims and cross-examine witnesses at trial.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel, and therefore, his Motion is denied.

The Court further notes that the Plaintiff has not yet returned completed summons forms so that Defendants Jones and Osborne-Evans may be served. [Doc. 21]. The Plaintiff shall, within **fourteen (14) days** of this Order, return the completed summons forms to the Court so that Defendants Jones and Osborne-Evans may be served. Failure to comply with this Order will result in dismissal of this action without prejudice and this case's closure without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Petition for Appointment of Counsel" [Doc. 22] is **DENIED**.

2. The Plaintiff **shall have fourteen (14) days from the date of this Order** in which to return the completed summons form to the Court. If Plaintiff fails to do so, this case will be dismissed without prejudice and closed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff two blank summons forms along with a copy of this Order.

**IT IS SO ORDERED**.

Signed: June 8, 2022

Martin Reidinger
Chief United States District Judge