IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00227-MR

| | |
|---|---|
| RICKY L. HEFNER,[1] ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHNATHAN HEATH JONES, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on Defendants Johnathan Heath Jones and Kimberly Osborne's[2] Motion for Judgment on the Pleadings [Doc. 32].

**I.    BACKGROUND**

The incarcerated Plaintiff Ricky L. Hefner ("Hefner" or simply, "the Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983.[3]

---

[1] According to the North Carolina Department of Public Safety's (NCDPS) website, the Plaintiff is also known as "Richard Lee Hefner." See chrome-extension://hehijbfgiekmj fkfjpbkbammjbdenadd/nhc.htm#url=https://webapps.doc.state.nc.us/opi/viewoffender.do ?method=view&offenderID=0985586&searchOffenderId=0985586&searchDOBRange= 0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Nov. 10, 2022); Fed. R. Evid. 201.

[2] "Kimberly Osborne-Evans" in the Second Amended Complaint. [Doc. 19 at 1]. The Clerk will be instructed to update the Court's record to reflect her correct name.

[3] The Plaintiff is presently incarcerated in the North Carolina Department of Public Safety (NCDPS) at the Tabor Correctional Institution.

The Second Amended Complaint [Doc. 19] passed initial review on claims that the Defendants violated his Fourth Amendment rights. [Doc. 21].

The Defendants have now filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. [Doc. 32]. Thereafter, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his right to respond to the Defendants' Motion. [Doc. 34: Roseboro Order]. He was cautioned that the "[f]ailure to file a timely response will likely lead to the dismissal of this lawsuit." [Id. at 1]. The Plaintiff has not filed a response to the Defendants' Motion and the time to do so has expired. Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact. Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014). A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard as a motion to dismiss under Federal Rule of Civil Procure 12(b)(6). See id.; Burbach Broadcasting Co. of

Delaware v. Elkins Radio Corp., 278 F.3d 401 (4th Cir. 2002). Thus, a claim must be dismissed under Rule 12(c) when a claimant's allegations fail to set forth a set of facts which, if true, would entitled the claimant to relief. Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). A court thus accepts all well-pled facts as true and construes the facts in the light most favorable to the plaintiff as the nonmoving party. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). However, a court does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor does a court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009). The key difference between Rule 12(b)(6) and Rule 12(c) is that, in ruling on a Rule 12(c) motion the court is to consider the answer as well as the complaint. See Hartford Cas. Ins. Co. v. Gelshenen, 387 F.Supp.3d 634, 637 (W.D.N.C. 2019), aff'd, 801 F. App'x 915 (4th Cir. 2020); see, e.g., Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014).

## III. FACTUAL BACKGROUND

Viewing the Plaintiff's well-pled allegations as true, the following is a summary of the relevant facts. On June 12, 2018, Officer Jones observed the Plaintiff going into a Walmart store. Officer Jones asked the Plaintiff "[w]hen did you get out," and the Plaintiff responded: "about three weeks ago."[4] [Doc. 19 at 5]. The Plaintiff went into the store, saw a friend whom he asked for a ride, accompanied the friend to a vehicle, and got into the backseat. [Id.]. An acquaintance in the vehicle asked the Plaintiff to go back into the store to buy batteries for him, and the Plaintiff agreed. [Id.]. The Plaintiff went into the store, then returned to the vehicle, and handed the driver a pack of batteries. [Id. at 6]. Defendant Osborne walked up to the vehicle's window, asked the Plaintiff to step out of the vehicle with a backpack, and searched the Plaintiff's belongings. [Id.]. Defendants Osborne and Jones searched the vehicle[5] and "supposedly" found a black egg-shaped container near where the Plaintiff had been sitting. When Jones told Osborne that the container had heroin in it, Osborne said to the Plaintiff

---

[4] Jackson County District Court records reflect that the Plaintiff had committed a methamphetamine offense and communicated threats on February 16, 2018, for which he was sentenced to 120 days, Case No. 18CR050286. See Fed. R. Evid. 201.

[5] The Court found in the Order on initial review that the Plaintiff lacks standing to object to the search of the vehicle and its contents. [See Doc. 21 at 6].

"uh, you blew it," which statement the Plaintiff alleges shows the officers' "malice to prosecute [him] wrongfully." [Id. at 6-7]. The Plaintiff alleges that he was wrongly arrested and charged based on "officer fabrication … and plant[ed] evidence."[6] [Id. at 7]. Those charges were ultimately dismissed in the Plaintiff's favor.[7] [Id.].

## IV. DISCUSSION

The Court found in the Order on initial review that the Plaintiff had stated plausible Fourth Amendment claims for false arrest, false imprisonment and malicious prosecution. [Doc. 21].

Viewing the allegations in the light most favorable to the Plaintiff, the Court concludes that the Plaintiff has plausibly stated § 1983 claims for

---

[6] In their Answer, the Defendants deny *inter alia* that Osborne asked the Plaintiff to get the backpack and step out of the vehicle, that any evidence was falsified or planted, and that the Plaintiff was wrongfully arrested. [Id. at 2-3]. Because these denials conflict with the Plaintiff's allegations, they will be disregarded for the purposes of this discussion. See Pledger v. N.C. Dep't of Health & Human Servs., 7 F.Supp.2d 705, 707 (E.D.N.C. 1998) (factual allegations in an answer are taken as true to the extent that they have not been denied, or do not conflict with the complaint). Defendant's Memorandum of Law is replete with arguments concerning what evidence the Plaintiff may or may not be able to adduce. Such arguments, of course, have no place with regarding to a motion pursuant to Rule 12(c).

[7] Jackson County Superior Court records reflect that the Plaintiff was charged for the incidents of June 12, 2018 in Case Nos. 18CRS51081 and 19CRS000133, and that the charges in both cases were resolved on May 28, 2021. At least eight other cases were also disposed of on May 28, 2021 in Jackson County District and Superior Courts, including Case No. 18CRS052362 for which the Plaintiff is presently serving between 10 and 13 years' imprisonment. See also Case Nos. 21CR700601, 21CR700602, 21CR700603, 19CRS000132, 19CRS000393, 19CRS000506, 19CRS000507. However, the specific circumstances of these cases' resolutions are not presently before the Court.

violations of his Fourth Amendment rights. The Plaintiff has plausibly alleged that his initial interaction with Defendant Osborne was not consensual. See Santos v. Frederick Cnty. Bd. of Com'rs, 725 F.3d 451 (4th Cir. 2013) (officer's gesture that unambiguously directed motorist to remain seated converted a consensual encounter into a seizure). Further, the Plaintiff has plausibly alleged that Defendant Osborne did not have a reasonable, articulable suspicion to justify either her request for the Plaintiff to exit the vehicle or her search of his belongings. See, e.g., United States v. Drakeford, 992 F.3d 255 (4th Cir. 2021) (no reasonable suspicion to support a stop and frisk where officers observed a handshake between officers and another man, but they never observed drugs changing hands and an informant's tip was not corroborated); United States v. Sprinkle, 106 F.3d 613, 617 (4th Cir. 1997) (officer's knowledge of an individual's prior criminal record and that the individual had recently finished a sentence for a drug conviction was, without more, insufficient to support a reasonable suspicion). The Court further finds that the Plaintiff has plausibly stated claims for false arrest and malicious prosecution based on his allegations that the Defendants fabricated and planted evidence in the vehicle, that the Defendants maliciously arrested and charged him, and that those charges

6

were terminated in his favor. Accordingly, the Defendants' Motion for Judgment on the Pleadings is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants Johnathan Heath Jones and Kimberly Osborne's Motion for Judgment on the Pleadings [Doc. 32] is **DENIED**.

The Clerk is respectfully instructed to correct the Defendant's name in the in the Court's record by substituting Kimberly Osborne for "Kimberly Osborne-Evans."

**IT IS SO ORDERED.**

Signed: November 21, 2022

Martin Reidinger
Chief United States District Judge